Dear Representative Odinet:
You have requested that this office reconsider Opinion No. 97-448, recently released by this office, which addressed the ability of the New Orleans Business and Industrial District (the "District") to purchase a parcel of land adjacent to the District for use as the Automotive Technology Center and Raceway. That opinion was originally requested by Representative Cynthia Willard-Lewis and our office has another opinion request for Senator Jon Johnson, dated November 14, 1997 on the same issue. This amended opinion is in response to all pending requests on this issue.
Opinion Number 97-448 concluded that the District could only purchase property within the District. You took issue with that determination and asked that we receive input from David Bell, Vice-President of the New Orleans Business and Industrial District. We received a letter from Mr. Bell dated November 17, 1997 which includes many additional facts. It also points out one important error contained in our original opinion. In that opinion, we stated that LSA-R.S. 33:4706 provides that funds received by the District from all sources can only be used "for the benefit of the district and for projects or services within the district." (Emphasis added) In fact, the correct wording of that provision provides that District funds shall be used "for the benefit of the district or for projects or services within the district." (Emphasis added) We must agree with you that the use of the word "or" in LSA-R.S. 33:4706 is an indication of statutory authorization for use of District funds in any manner which will benefit the District, including the purchase of property outside of the District.
Each district is established by separate statutes with different provisions applicable only to that district. Consequently, this opinion is limited to the District's enabling legislation.
The District's statute uses "within the district" in several areas so that when it is omitted, it would appear that the language is not limited to "within the district." For example, in R.S. 33:4703 (C) the objectives and purposes of the District are listed and clearly restricted to the benefit of the geographical boundaries of the District. However, the powers of the District as listed in R.S. 33:4703 (C) (1-14) are not limited to execution within the District. The District can do anything within those powers as long as the beneficiary is the District and not some other entity or some private person.
This non-geographical limitation of powers is in contrast to, for example, the statutes creating the Vidalia Riverfront Development District at R.S. 4709.1 See specifically R.S.33:4709.1(3).
Based upon the foregoing, it is the opinion of this office that the New Orleans Business and Industrial District has the power and authority to purchase property outside of the boundaries of the District, as long as the contemplated use of the property will directly benefit the District. It is our further opinion that purchase of the parcel in question, for development as the Automotive Technology Center and Raceway, is of direct benefit to the District and therefore in accordance with law. Opinion No. 97-448 is modified and amended hereby.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
RPI/EKK/dra
Received: Released:
Richard P. Ieyoub Attorney General